**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ARMANDO FONSECA-PADILLA, | No. 11-71032 |
| Petitioner, | Agency No. A042-788-321 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Jorge Armando Fonseca-Padilla, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for

withholding of removal and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

We reject Fonseca-Padilla's contention that the BIA erred in not addressing his contention regarding *Grava v. INS*, 205 F.3d 1177 (9th Cir. 2000). *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The record does not compel the conclusion that the agency erred in its determination that Fonseca-Padilla did not suffer past harm that rose to the level of torture and failed to establish that it is more likely than not he will be tortured if he is removed to Honduras. *See Kumar v. Gonzales*, 444 F.3d 1043, 1055-56 (9th Cir. 2006) (affirming agency's determination that month-long detention and multiple beatings by police did not rise to the level of torture). Accordingly, Fonseca-Padilla's CAT claim fails.

In denying Fonseca-Padilla's withholding of removal claim, the agency found Fonseca-Padilla failed to establish past persecution or a likelihood of future persecution on account of a protected ground. When the IJ and BIA issued their

decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).  Thus, we remand Fonseca-Padilla's withholding of removal claim to determine the impact, if any, of these decisions.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**